IN RE TRUST CREATED BY WILL OF JOHN VINCENT BAILEY.
VINCENT K. BAILEY AND OTHERS v. VIRGINIA BAILEY AND OTHERS.
THOMAS G. SCOTT, ADMINISTRATOR OF ESTATE OF MARGARET J. SCOTT, APPELLANT.

113 N. W. (2d) 505.

January 26, 1962—No. 38,290.

*Briggs & Morgan, David W. Raudenbush, B. C. Hart,* and *Webber, Balbach & Thies,* for appellant.

*Grannis & Grannis,* for respondents.

MAGNEY, COMMISSIONER.

Appeal from the order, judgment, and decree of the district court allowing the annual accounts of the trustees from January 1, 1957, to December 31, 1959, in proceedings under Minn. St. 501.34. The trust was created in and by the last will and testament of John Vincent Bailey, deceased.

In a former appeal, In re Trust Created by Will of Bailey, 241 Minn. 143, 62 N. W. (2d) 829, the order of the district court allowing the accounts of the trustees from January 1, 1947, to December 31, 1950, was affirmed. In that opinion, provisions of the will were set out and also many facts relative to the administration of the trust estate. However, in order to present properly the questions involved in this appeal, it is necessary to requote some of the provisions of the will and to restate some of the facts.

John Vincent Bailey died on March 1, 1943. He was the proprietor of a nursery business. A widow, two sons, and three daughters survived him. The nursery business passed to his two sons, Vincent and Gordon, and one of his daughters, Elizabeth Fritz, as trustees of a trust created by his will. These trustees continued to operate the nursery as contemplated under the will, and they still do so.

Margaret J. Scott, one of the three daughters, died March 18, 1959. At the time of the argument it was disclosed that another daughter, Elizabeth Fritz, one of the trustees, had also died. Thomas G. Scott, the husband of Margaret, is the acting administrator of her estate. As objector to the allowance of the annual accounts here involved, he alone appeals from the court's order allowing them.

The will provided that during the lifetime of Elizabeth Anna Bailey, the widow, who is still living, the net income, if any, be paid from time to time by the trustees in the following proportions: One-fifth to the widow and the remainder to the five children in equal shares. A part of such net income was duly paid to the income beneficiaries. In the operation of the nursery business, the trustees reinvested a part of the income or earnings in the business. Objector contends that the income beneficiaries acquired a vested interest in the funds so invested and that the estate of Margaret J. Scott is therefore entitled to receive

its share. He claims that the income so invested retained the character of undivided income. The trustees maintain that the earnings reinvested in the business became a part of the corpus of the trust estate under the terms of the will creating the trust and was a proper and justifiable capital investment.

Other questions may be involved in this appeal, but the main inquiry must be centered on the issue above presented. The character of that part of the income invested in the business creates the main issue. Where does the ownership lie? If it became a part of the corpus of the trust, of course income beneficiaries are not entitled to receive it as undistributed income. If it retains its character of undistributed income, they are entitled eventually to receive it. This court, in the former appeal, In re Trust Created by Will of Bailey, 241 Minn. 143, 153, 62 N. W. (2d) 829, 836, stated:

"* * * Inasmuch as neither the accounts themselves nor the objections filed thereto raise the issue of the ultimate ownership of undistributed net income and inasmuch as there appears no determination of such issue in the trial court, there is no occasion for this court to pass upon this question at this time."

The occasion has now arisen.

Paragraph VI(10) of the will reads as follows:

"After the payment of the expenses of the nursery business, replenishment of emergency funds, care and maintenance of my said wife, payments on indebtedness of the business, investment of earnings or capital in the business, debts left by me, and all other disbursements deemed necessary or advantageous by my trustees, I direct my trustees to pay the remaining net income, if any, from time to time" to the income beneficiaries, and specifying the share each shall receive.

Through elimination, this part of the will would read thus:

"After the payment of * * * investment of earnings * * * in the business, * * * and all other disbursements * * *, I direct my trustees to pay * * *."

There is no ambiguity in the above language used by the testator. It seems as plain as words can express it that the testator considered

investment of earnings in the business a disbursement, and named it as such, in connection with its operation and intended that, after this disbursement and the other items of disbursements had been paid, then the trustees should pay the "remaining net income, if any, from time to time" to the various beneficiaries in the proportions set out. The testator's language clearly and unmistakably expresses his intention that the investment of income in the business was not in the nature of a loan in the furtherance of the judicious administration of the nursery business, retaining a character of undistributed income belonging to the income beneficiaries, but was capital added to the corpus of the trust estate.

In paragraph VI(5) of the will the testator provides:

"Should my trustees deem it advantageous to the business to use therein a part or portion of the net income from such business, I hereby authorize them to do so."

This paragraph furnishes the trustees with the authorization. The testator himself defines his meaning of the word "use" in that part of the will heretofore quoted wherein he designates the investment of earnings in the business as a disbursement. The "use" cannot be in the nature of a loan and a disbursement at the same time.

The plain language of the will bespeaks the testator's intention relative to the nature of the investment of part of the net income in the furtherance of the business. If further evidence of the testator's intention were necessary or desirable, the will itself furnishes that also. If the income beneficiaries acquired a vested interest in that part of the net income invested or used in the business, it necessarily follows that if an income beneficiary died the share of such income beneficiary in the undistributed income would go to his estate. This result the testator clearly did not intend. In paragraph VI(10) of the will the testator also provided that, in case an income beneficiary should predecease him or die during the life of his wife, without issue—

"* * * then the share of such child shall lapse and the surviving children, or *their issue of the blood them surviving,* shall take the remainder of such net income during the life of my said wife * * *. Upon the death of my said wife * * * the said remaining net income

shall be paid from time to time during the continuance of the trust to my five children, or the survivors of them, *the issue of the blood of any deceased child,* however, to take its parent's share by right of representation, * * *." (Italics supplied.)

In paragraph VI(13) he directed that at the termination of the trust the trustees—

"* * * distribute the trust estate to my five children, or to the survivors of them, *or to the issue of the blood of any deceased child,* in the following proportions:

"Two-thirds (2/3rds) thereof to my sons * * *, in equal shares, or the survivor of them; *the issue of the blood of either* deceased son, however, to take its parent's share by right of representation * * *. Should both sons die before distribution of the trust, one without issue, the share of the son who dies without issue shall be distributed equally to my daughters, or *their issue them surviving* by right of representation.

"One-third (1/3rd) thereof to my daughters * * *, in equal shares, or to the survivors or survivor of them; *the issue of the blood* of any deceased daughter, however, to take its parent's share by right of representation." (Italics supplied.)

It is clear from the above-quoted terms of the will that the testator did not intend that anyone but his own children or issue of their blood should share in his estate, whether income or principal. If the undistributed income should be held to be a vested interest and belonging to the income beneficiaries, then a stranger to his blood, such as the objector here, would take his wife's share, she not leaving any issue. There can be no doubt that testator intended, and he expressed his intention in plain words, to limit his bounty to his children and their children to the exclusion of strangers to his blood. If such be the case, how can any claim be successfully made that testator intended that the undistributed income become a vested interest and would therefore go, as here, to a stranger to his blood? If further evidence were necessary, in addition to his words designating the reinvestment of income as a disbursement, to show that testator did not intend such in-

vestments to become a vested interest in any income beneficiary so as to go eventually to a stranger to his blood, his provisions in the will that the income and the corpus should go to the survivor or survivors of his children "or their issue of the blood them surviving" would surely furnish such evidence. In In re Trust under Will of Bell, 147 Minn. 62, 67, 179 N. W. 650, 652, this court said:

"* * * When read as a whole, it appears to have been the predominant thought in the testator's mind and his clear purpose to confine his bounty to his lineal descendants. He has made blood relationship the test for the determination of the right of a claimant to share in his estate."

So here, a predominant thought in the testator's mind and his clear purpose to confine his bounty to his lineal blood descendants is clearly evidenced by the terms of the will. An interpretation of the terms of the Bailey will to the effect that the undistributed income invested in the business became vested in the income beneficiaries would obviously defeat the testator's desire in that it would give the full share of such undistributed income of his daughter Margaret to a stranger to his blood. To permit objector to prevail here would produce a result which testator did not intend or want. It would be a holding in effect that the testator did not realize what he was doing when he made the provision in his will permitting, but not directing, the trustees to reinvest earnings in the nursery business. No one can read the Bailey will without being impressed with the fact that it was very carefully drawn and that testator knew what he was doing. The result we have reached is not only in accord with the language of the will but also expresses the obvious desire of the testator.

In view of our holding, there is no occasion to consider the other questions raised, such as the propriety and the amount of reinvested earnings, the method of accounting, inventories, and the claimed opportunity of self-service on the part of the operating trustees. Since objector has been found to have no interest in the trust estate, the above matters are of no concern to him and need not be considered. He is the only appellant.

Order affirmed.